UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br><br> v. <br><br> **FINGA LICKING CHICAGO, LLC** **d/b/a LICKING CHICAGO,** an Illinois limited liability company, and **LENNY WESTON,** individually. <br><br> Defendants. | Civil action no.: 21-cv-04806 <br><br> Judge: <br> Magistrate Judge: |

## COMPLAINT

Plaintiff, **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin and restrain Defendants **FINGA LICKING CHICAGO, d/b/a LICKING CHICAGO,** an Illinois limited liability company, and **LENNY WESTON,** individually (hereinafter collectively "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) (the "Act") and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, plus an equal amount in liquidated damages, pursuant to section 16(c) (29 U.S.C. § 216(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. § 1345.

1

II

**(A)** Defendant **FINGA LICKING CHICAGO, LLC d/b/a LICKING CHICAGO** ("**FINGA LICKING CHICAGO**") is and, at all times hereinafter mentioned, was an Illinois limited liability company with a place of business at 5045 W. Madison, Chicago, IL 60644 in Cook County within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in operation as a full-service restaurant.

**(B) LENNY WESTON** is and, at all times hereinafter mentioned, was President and 70% owner of **FINGA LICKING CHICAGO** and currently resides in Mundelein, Illinois in Lake County and within jurisdiction of this Court. **LENNY WESTON** is and, at all times hereinafter mentioned, was engaged in business within Cook County, and acted directly or indirectly in the interest of **FINGA LICKING CHICAGO** in relation to his employees by paying employees, setting rates of pay, giving directions to employees, overseeing the day-to-day operations, among other things and was an employer within the meaning of section 3(d) of the Act, 29 U.S.C. § 203(d).

III

**FINGA LICKING CHICAGO, LLC,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

IV

A. **FINGA LICKING CHICAGO, LLC,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said

enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000 for the period from April 1, 2020 to December 3, 2020.

B. For the period from June 1, 2019 to March 31, 2020, servers and cashiers engaged in interstate commerce or the production of goods for interstate commerce during the performance of their work for **FINGA LICKING CHICAGO, LLC,** when they used the Focus POS system for processing credit card transactions.

## V

Defendants misclassified their kitchen staff at **FINGA LICKING CHICAGO, LLC,** including cooks, prep cooks, dishwashers, as exempt employees in that said employees' primary duties were manual kitchen work, not management duties; the employees did not customarily and regularly direct the work of two or more employees; and/or the employees did not have the authority to hire or fire other employees, or have his/her suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status be given particular weight within the meaning of 29 C.F.R. § 541.100 (a).

## VI

Defendants repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of

3

goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked.

**(A)** Some cooks, prep cooks and dishwashers were paid a flat salary that resulted in an hourly wage less than $7.25 for every hour worked.

**(B)** A cashier was not paid for all hours worked.

## VII

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed by paying employees their regular rates for all hours worked, including hours in excess of 40 hours per week.

**(A)** Specifically, Defendants misclassified employees, including cooks, prep cooks and dishwashers, as exempt employees and failed to pay the overtime premium for hours worked in excess of 40 in a workweek.

**(B)** Other workers, including servers and cashiers, were also not paid for all hours worked and/or paid an inaccurate overtime rate.

## VII

Defendants repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve

adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show, adequately and accurately, daily hours, weekly hours, regular rates of pay, total daily or weekly straight time earnings, and the total overtime earnings per workweek.

    A. Pay records were inaccurate and incomplete in that they did not always list actual hours worked as reflected in time and attendance records.

    B. Some employees were paid in cash with no records of the cash payments.

    C. Servers' tips paid were not recorded on pay records.

    D. Records were missing employees, and, in some cases, failed to keep employees' general information, including full names and addresses.

## IX

During the period since June 13, 2019, Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

    **WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

    A. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    B. For an Order:

1. pursuant to section 16(c) of the Act, finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

> **SEEMA NANDA**
> Solicitor of Labor
>
> **CHRISTINE Z. HERI**
> Regional Solicitor
>
> /s/ Barbara M. Villalobos
>
> **BARBARA M. VILLALOBOS**
> Senior Trial Attorney
> Attorney for Plaintiff, Martin J. Walsh,
> Secretary of Labor
> U.S. Department of Labor
> Office of the Solicitor
> 230 South Dearborn Street,
> Suite 844
> Chicago, IL 60604
> T: (312) 353-1168
> Villalobos.Barbara@DOL.gov

# EXHIBIT A

1. Adisa Bowling
2. Kenneth Burks
3. Andres Cyprian
4. Doris Hendricks
5. Joshua Hunter
6. Brendan Johnson
7. Rizon Lee
8. Bryanna Lugardo
9. Catrice Malone
10. Karen Mazique
11. Tenesha Payton
12. Julio Rosario
13. Kalyssa Serowski
14. Dajai Shaw-Cole
15. Akemia Slaughter
16. Dareon Smith
17. Dominique Spears
18. Willie Thomas
19. Raven White